**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mykola Kyrychay, | ) No. CIV 07-528-PHX-ROS (GEE) |
| Petitioner, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| | ) |
| Alberto R. Gonzales, | ) |
| Respondent. | ) |
| | ) |

On March 12, 2007, the petitioner, Mykola Kyrychay, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241.  He argues his current detention while awaiting removal is contrary to law.  The respondent filed an answer on June 5, 2007.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for a Report and Recommendation.

The Magistrate Judge recommends that the District Court, after its independent review of the record, deny the petition.  Kyrychay's current detention does not violate due process.

Summary of the Case

Mykola Kyrychay is a native and citizen of the Ukraine who presented himself at the Nogales port of entry and requested asylum on March 24, 2006. (Respondent's answer, p. 2.) Kyrychay holds a valid Ukrainian passport.  (Respondent's amended answer.)

On April 6, 2006, the Department of Homeland Security (DHS) issued Kyrychay a Notice to Appear charging him with removability because he did not have permission to enter

1  the United States.  (Respondent's answer, p. 2.)  Kyrychay admitted removability but filed an

2  application for asylum.  *Id.*  On May 25, 2006, the Immigration Judge (IJ) denied Kyrychay's

3  application for asylum and ordered him removed to Argentina with the Ukraine as an alternate

4  country of removal.  *Id.*, p. 3.

5  Kyrychay was ill treated in the Ukraine because of his Greek ethnicity.  (Respondent's

6  answer, Exhibit 4, Attachments A, B.)  He traveled to Argentine where he was granted refugee

7  status. *Id.*   Five years later, he traveled to the United States and sought asylum here.  *Id.*  The

8  IJ denied his request for asylum because he was already resettled in Argentina.  *Id.*, Exhibit 7.

9  In the alternative, the IJ found Kyrychay failed to establish past persecution in his native

10  Ukraine.  *Id.*

11  The Board of Immigration Appeals (BIA) dismissed Kyrychay's appeal on August 23,

12  2006. *Id.*  Kyrychay did not file a timely appeal with the Ninth Circuit.  *Id.*

13  The government reviewed Kyrychay's custody status, and on November 27, 2006, issued

14  a decision continuing his detention.  *Id.*, Exhibit 8.  The decision reads in pertinent part as

15  follows:

16  It is considered that you failed to submit any support documentation that would
substantiate that you would have a place of residence, ability to obtain
17  employment, or have financial support should you be released from ICE custody.
While you have no substantive write-ups from this facility, you are now
18  considered "departure imminent" and therefore a flight risk.

19  *Id.*

20  Deportation Officer William Drinkwater informed Kyrychay that if he wanted to be

21  removed to Argentina, he must write a letter to the Consul General requesting his reinstatement

22  as a refugee.  *Id.*, Exhibit 10.  Kyrychay refused to cooperate.  *Id.*  The government then began

23  taking steps to remove Kyrychay to the Ukraine.  *Id.*

24  On March 12, 2007, Kyrychay filed the instant petition for writ of habeas corpus.  He

25  argues his continued detention is contrary to law citing, inter alia, *Zadvydas v. Davis*, 533 U.S.

26  678 (2001).  (Petition, p. 8.)

27  On March 27, 2007, Kyrychay filed a petition for review with the Ninth Circuit.

28  (Respondent's answer, p. 3.)  The Ninth Circuit informed Kyrychay that his petition was not

1    timely but allowed him 21 days to file an affidavit declaring his petition was timely filed but lost

2    in the mail.  *Id.*  Kyrychay filed a motion to dismiss his petition which was granted on June 13,

3    2007.  (Ninth Circuit docket, 07-71171.)

4

5    Discussion

6    Alien detention and removal is governed by a multi-layered statutory scheme.  *See* 8

7    U.S.C. §§ 1226, 1226b, 1231, 1537.  The two main statutory provisions are sections 1226 and

8    1231 [INA §§ 236, 241].  Ordinarily, section 1226 governs the initial apprehension and

9    detention of aliens to determine whether they should be removed from the United States.

10   Section 1226(c) requires the detention of certain classes of aliens, notably those aliens who have

11   been convicted of certain specific offenses.  *See* 8 U.S.C. § 1226(c)(1)(B).

12   If the alien is determined to be "removable," section 1231 governs the detention and

13   removal of the alien.  Section 1231(a)(2) authorizes the detention of the alien during the 90-day

14   "removal period" which the statute assumes will be adequate in most circumstances to complete

15   the removal.  Detention past the 90-day limit may be allowed if the alien fails to make a good

16   faith effort to obtain the necessary travel documents.

17   This "removal period" ordinarily begins on "[t]he date the order of removal becomes

18   administratively final."  8 U.S.C. § 1231(a)(1)(B)(i).  If the alien files an appeal and the court

19   of appeals orders a stay of removal, the removal period begins on "the date of the court's final

20   order."  8 U.S.C. § 1231(a)(1)(B)(ii).

21   In this case, Kyrychay argues his extended detention is not authorized by law.  He is

22   incorrect.

23   Kyrychay's removal order became administratively final on August 23, 2006, when the

24   BIA dismissed his appeal.  *See* 8 C.F.R. 1241.1.  At this time, the 90-day removal period began

25   and the government was required to detain him pursuant to 8 U.S.C. § 1231(a)(2).

26   Where, as here, removal is not accomplished within the 90-day removal period, the

27   government may detain the alien past the removal period for a period reasonably necessary to

28   accomplish the removal.  *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001) (construing 8 U.S.C. §

1   1231(a)(6)).  This detention, however, is not without Constitutional limitation.  *Id.*  Extended

2   detention beyond the removal period violates due process if six months have passed and there

3   is no significant likelihood of removal in the reasonably foreseeable future.  *Zadvydas v. Davis*,

4   533 U.S. 678, 699, 701 (2001);  *See also Clark v. Martinez*, 543 U.S. 371, 378 (2005)

5   (extending the holding of *Zadvydas* to inadmissible aliens).

6        In the instant case, Kyrychay has been detained beyond the six-month period, but he

7   cannot establish there is no significant likelihood of removal in the reasonably foreseeable

8   future.  Kyrychay's removal has been delayed because the government first attempted to remove

9   him to Argentina, and Kyrychay refused to cooperate.  His removal also has been delayed by

10  his untimely appeal to the Ninth Circuit.  The government is now attempting to remove

11  Kyrychay to the Ukraine.  Kyrychay holds a valid Ukranian passport.  There appears to be no

12  impediment to his removal to that country.  Accordingly, Kyrychay's current detention pending

13  removal does not violate due process.  *See, e.g., Lema v. I.N.S.*,  341 F.3d 853, 856 (9th Cir.

14  2003)  ("[W]hen an alien refuses to cooperate fully and honestly with officials to secure travel

15  documents from a foreign government, the alien cannot meet his or her burden to show there

16  is no significant likelihood of removal in the reasonably foreseeable future."); *Soberanes v.*

17  *Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004) (Detention during ordinary judicial review is

18  "neither indefinite nor potentially permanent like the detention held improper in *Zadvydas* . .

19  . ."); *Thelemaque v. Ashcroft*, 363 F. Supp. 2d 198, 219 (D. Conn. 2005)  ("Mr. Thelemaque's

20  own actions in seeking further judicial review of his CAT claims do not give him grounds to

21  complain that his removal is not reasonably possible within the meaning and intent of

22  *Zadvydas*.").

23       Kyrychay also argues the conduct of his detention hearing violated due process.  The

24  court does not agree.

25       A detainee held beyond the 90-day removal period is entitled to a review of his or her

26  detention.  This detention review is conducted pursuant to 8 C.F.R. § 241.4.  In conducting the

27  review, the government panel "will consider, for example, the alien's disciplinary record,

28  criminal record, mental health reports, evidence of rehabilitation, history of flight, prior

1   immigration history, and favorable factors such as family ties." *Zadvydas v. Davis*, 533 U.S.

2   678, 683-684 (2001)  (citing § 241.4(f)).  "To authorize release, the panel must find that the

3   alien is not likely to be violent, to pose a threat to the community, to flee if released, or to

4   violate the conditions of release.  *Id.* (citing § 241.4(e)).  "And the alien must demonstrate 'to

5   the satisfaction of the Attorney General' that he will pose no danger or risk of flight."  *Id.*

6   (citing § 241.4(d)(1)).

7        In this case, Kyrychay was ordered removed pursuant to INA § 212.  (Respondent's

8   answer, Exhibit 8).  After his initial 90-day detention, the government reviewed his custody and

9   determined his detention should be continued.  *Id.*  Kyrychay argues his detention hearing

10  violated due process because the government ignored his submitted documentation proving he

11  has a place to stay and would receive financial support from his niece.  Kyrychay cannot,

12  however, establish a procedural due process violation.

13       Assuming arguendo his documentation was ignored, he cannot prove he was prejudiced.

14  *See Colindres-Aguilar v. I.N.S.*, 819 F.2d 259, 261-62 (9th Cir. 1987)  ("In due process

15  challenges, there must be a showing of prejudice.").  Section 241.4(d) states that an alien cannot

16  be released if he is a significant flight risk.  Kyrychay has a valid Ukranian passport.  There are

17  no impediments to his removal to that country.  Accordingly, his removal is imminent and he

18  is a flight risk.  *See Herrera-Mesa v. McElroy*,  2000 WL 109052, *5 (S.D.N.Y.)

19  ("Herrera-Mesa is subject to a final removal order. . .; he clearly presents a flight risk.").

20  Because he is a flight risk, Kyrychay is not entitled to release pursuant to section 241.4(d).  The

21  government's alleged failure to consider his documentation could not have caused him

22  prejudice.  The deportation hearing therefore did not violate due process.

23

24       Recommendation

25       The Magistrate Judge recommends that the District Court, after its independent review

26  of the record, deny the Petition for Writ of Habeas Corpus filed on March 12, 2007.

27       Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within

28  10 days of being served with a copy of this Report and Recommendation.  If objections are not

1   timely filed, the party's right to de novo review may be waived. *See United States v. Reyna-*
2   *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).
3          The Clerk is directed to send a copy of this Report and Recommendation to the petitioner
4   and the respondent.
5
6          DATED this 20th day of August, 2007.
7
8
9
10                                    _____
11                                         Glenda E. Edmonds
                                        United States Magistrate Judge
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28